1  Michael H. Steinberg (SBN 134179)
   steinbergm@sullcrom.com
2  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East, Suite 2100
3  Los Angeles, California 90067-1725
   Telephone: (310) 712-6600
4  Facsimile: (310) 712-8800

5  Laura K. Oswell (SBN 241281)
   oswelll@sullcrom.com
6  Sverker K. Hogberg (SBN 244640)
   hogbergs@sullcrom.com
7  **SULLIVAN & CROMWELL LLP**
   1870 Embarcadero Road
8  Palo Alto, California 94303
   Telephone: (650) 461-5600
9  Facsimile: (650) 461-5700

10 *Attorneys for Defendants*
   *Volkswagen Group of America, Inc.*
11 *and SAI Auto Group, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BEAR, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446** |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, also d/b/a VOLKSWAGEN OF AMERICA, INC., SAI AUTO GROUP, LLC, a California Limited Liability Company d/b/a BOZZANI VOLKSWAGEN; and DOES 1 through 10, inclusive, | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants Volkswagen Group of America, Inc. ("VWGoA") and SAI Auto Group, LLC (together, "Defendants"), through their undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal are as follows:

### STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the reasons below.

### THE REMOVED ACTION

2. This civil action, filed on December 28, 2016 is pending in the Superior Court of the State of California, County of Los Angeles, a court located within this District, under Case Number BC644940.

3. SAI Auto Group, LLC was served with a Summons and Complaint on or about December 30, 2017 and VWGoA was served with a Summons and Complaint on or about January 3, 2017. (*See* Ex. A.) Defendants did not answer the Complaint in Los Angeles County Superior Court prior to removal. Defendants are not aware of any further proceedings regarding this action in that court. This Notice of Removal is accompanied by the following documents:

- All executed process in this case (Ex. A);
- All pleadings asserting causes of action (*i.e.*, the Complaint) (Ex. B); and
- The docket sheet and court documents (Ex. C).

4. Other than the documents attached as Exhibits, no pleadings, process, orders or other documents in the case have been served or otherwise received by Defendants or, to Defendants' knowledge, are presently on file in the

state court. In the event that such filings come to Defendants' attention, they will immediately file copies in this Court.

5. The Complaint brings claims on behalf of an individual Plaintiff related to Plaintiff's purchase of a "2012 Volkswagen Passat TDI." (Compl. ¶ 8.) As indicated by the Complaint's allegations, this action is based on allegations concerning the widely publicized EPA Notice of Violation, dated September 18, 2015 (the "EPA Notice"), concerning the alleged installation of emissions testing "defeat device" in certain Volkswagen diesel vehicles in alleged violation of the Clean Air Act, 42 U.S.C. § 7401 *et seq.* (*See, e.g.,* Compl. ¶ 9 ("The vehicle was delivered to Plaintiff with . . . a defeat device that was programmed to give false emissions readings during emissions testing . . . ."); *id.* ¶ 12 ("[A]t the time of acquisition the vehicle was equipped with a so-called 'defeat device, [sic] designed specifically to cheat on emissions tests . . . ."); *id.* ¶ 41 (alleging that Volkswagen "secretly us[ed] defeat devices"); *id.* ¶ 69 (alleging that Volkswagen knew "that the TDI vehicles contained emissions systems designed for fraudulent purposes— and defeat devices"); *id.* ¶ 96 ("[T]he Vehicle as delivered to Plaintiff was equipped with 'defeat device' [sic] that was specifically designed to circumvent government environmental regulations . . . .").) The Judicial Panel on Multidistrict Litigation has consolidated hundreds of cases making similar claims to the instant action in the United States District Court for the Central District of California as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* Case No. 3:15-md-02672-CRB (MDL No. 2672).

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served SAI Auto Group, LLC on or about December 30, 2016 and VWGoA on or about January 3, 2017. (*See* Ex. A.) This notice of removal is filed within 30 days after

service of the Summons and Complaint on VWGoA. Defendant SAI Auto Group, LLC agrees to and joins in the removal of this action.

7.  Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California.

## JURISDICTION IS PROPER UNDER § 1331

8.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists over state law claims where, *inter alia,* "plaintiff's right to relief depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfnr.,* 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law does not bar removal to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

9.  By Plaintiff's own allegations in the Complaint, Plaintiff makes clear that Defendants' alleged sale of a vehicle containing a "defeat device" is the crux of Plaintiff's claims. (*See, e.g.,* Compl. ¶¶ 9, 12, 41, 69, 96.) As described above, the Complaint's allegations are based upon the EPA Notice and the EPA's public charges of alleged violations of the Clean Air Act and related regulations. Like the EPA Notice, the Complaint alleges that Volkswagen manufactured and sold Plaintiff a vehicle containing "a defeat device that was programmed to give false emissions readings during emissions testing." (Compl. ¶ 9.) These

allegations regarding compliance with federal emissions standards are the genesis, gravamen and framework for Plaintiff's claims.

10. Accordingly, Plaintiff's claims for relief require resolution of a substantial question of federal law—specifically, the application of federal emissions standards and other regulations. (*See, e.g.*, Compl. ¶¶ 9, 12, 41, 69, 96.) Plaintiff is not permitted to "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of [their] claim." *Lippitt* v. *Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *see League to Save Lake Tahoe* v. *BJK Corp.*, 547 F.3d 1072 (9th Cir. 1976); *Lehman Brothers, Inc.* v. *City of Lodi*, 333 F. Supp. 2d 895, 906 (E.D. Cal. 2004) (state law claims for breach of contract, negligent misrepresentation, and fraud were removable as they implicated CERCLA); *Menoken* v. *McNamara*, 213 F.R.D. 193, 197 (D.N.J. 2003) (federal question jurisdiction existed when plaintiff's state law fraudulent concealment claim required proof of an underlying violation of the FMLA or ADA); *Schulze* v. *Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277 (W.D. Pa. 1994) (removal was proper when resolution of state law claim was dependent upon interpretation of federal statute); *cf.* 42 U.S.C. § 7604(a) ("The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty . . . .").

11. The instant action, though purportedly asserted under state law, is in actuality an attempt to enforce the emission standards established by the EPA. Whether Defendants violated EPA standards or the Clean Air Act is plainly a question of federal law. The Clean Air Act expressly provides for federal jurisdiction over "citizen suits" to enforce the Clean Air Act's emissions standards where the EPA Administrator has not commenced a civil action to enforce such standards. *See* 42 U.S.C. § 7604(a) ("[A]ny person may commence a civil action

on his own behalf (1) against any person . . . who is alleged to have violated . . . or to be in violation of . . . (A) an emission standard or limitation under this chapter."). Where the EPA Administrator has "commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard[s] . . . any person may intervene as a matter of right." *Id.* § 7604(b)(1)(B).

12. The Complaint relies on allegations and assumptions implicating substantial questions of federal law, including whether Defendants violated the Clean Air Act and related regulations by the use of a "defeat device," (*see, e.g.*, Compl. ¶¶ 9, 12, 14, 31, 39, 41, 47, 69, 76), a term that is nowhere defined in the CARB regulations. Rather, CARB's regulations concerning "defeat devices" are defined solely by *federal* law. *See* CAA § 203(a)(1), 42 U.S.C. § 7522(a)(3)(B); 40 C.F.R. § 86.1803-0. Thus, the Complaint presents a federal question and satisfies the requirements of 28 U.S.C. § 1331. *See Beshear v. Volkswagen Group of America, Inc.*, 2016 U.S. Dist. LEXIS 68543, at *13 (E.D. Ky. May 25, 2016) ("[B]ecause the CAA prohibits states from setting or enforcing any emissions standards related to new motor vehicles and charges the EPA with the sole authority of enforcing such standards, state law cannot be used as the sole basis for determining whether emissions levels are impermissible . . . Establishing the recovery sought in the complaint based on the installation of 'defeat devices' therefore appears to raise several federal issues and definitions in light of the expansive scope of the CAA."); *LaFoy v. Volkswagen Grp. of Am., Inc.*, 2016 U.S. Dist. LEXIS 62208, at *14 (E.D. Mo. May 11, 2016) (holding that factors articulated by the Supreme Court in *Gunn v. Minton*, 133 S.Ct. 1059 (2013), for federal question jurisdiction were likely met because "the Clean Air Act requires citizen suits to be brought in federal district Court, showing the government has an interest in litigating these disputes in a federal forum"); *Beshear*, 2016 U.S. Dist. LEXIS 68543, at *17-18 ("[P]erhaps the most persuasive argument in favor of

federal jurisdiction is Congress' clearly expressed intent to preempt the area of emissions standards for motor vehicles.").

## NOTICE TO ADVERSE PARTY AND STATE COURT

13. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case on Plaintiff's counsel (identified below):

> Mark O'Connor
> O'CONNOR & MIKHOV LLP
> 640 S. San Vicente Blvd., Suite 350
> Los Angeles, CA 90048
>
> Moses Lebovits
> DANIELS FINE ISRAEL
> SCHONBUCH & LEBOVITS LLP
> 1801 Century Park East, Floor 9
> Los Angeles, CA 90067

14. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, Los Angeles County.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: January 31, 2017

/s/ *Laura K. Oswell*
Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Tel.: (650) 461-5600
Fax: (650) 461-5700

*Attorneys for Defendants*
*Volkswagen Group of America, Inc.*
*and SAI Auto Group, LLC*

## CERTIFICATE OF SERVICE

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On January 31, 2017, I served a copy of the following document(s):

**NOTICE OF REMOVAL BY DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO PURSUANT TO 28 U.S.C. §§ 1331, 1332(a), 1441 AND 1446**

on the interested parties in this action by placing a copy of this document in an envelope addressed as follows:

Mark O'Connor
O'CONNOR & MIKHOV LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Moses Lebovits
SCHONBUCH & LEBOVITS
1801 Century Park East, 9th Floor
Los Angeles, CA 90067

[X]   **BY OVERNIGHT DELIVERY:**  I deposited the documents described above in a sealed envelope, with a prepaid shipping label for express delivery and caused such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ]   BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM:  In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(ies) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

[X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on January 31, 2017, at Palo Alto, California.

_____
JODI L. CARR